UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Bacon, | ) C/A No. 2:10-2790-RBH-RSC |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Mary Mitchell, | ) |
| Defendant. | ) |

Plaintiff, a federal prisoner in FCI Edgefield in Edgefield, South Carolina, who is proceeding *pro se*, brings this Complaint against Defendant, Warden of FCI Edgefield, alleging that, on October 13, 2010, Mr. Koger, the Unit Manager for B-1, FCI-Edgefield, announced that all of the one-person, 70-foot cells on the bottom tier in all units would be converted to three-person cells, starting on October 25, 2010, due to lack of bed space and prison overcrowding. Plaintiff alleges that tripling the occupancy of each cell violates the Eighth Amendment's prohibition of cruel and unusual punishment, and increases the population of FCI-Edgefield to almost two and a half times its legal capacity. Plaintiff also alleges that this new living arrangement: causes extreme peril and substantial risk to the health and safety of inmates and prison staff; creates a fire hazard; violates Federal Bureau of Prisons (BOP) policies; and worsens the already non-existent medical care. Plaintiff alleges that adding additional

1

three-man cells in each housing unit will "increase the transmission of infectious diseases and could ultimately end in violent confrontations between inmates and staff and inmate to inmate." Plaintiff states that he "believe[s] it is possible that [his] life could be placed in danger due to serious overcrowding." (ECF No. 1-3, p. 4-5; ECF No. 1-4). Plaintiff "want[s] the Court to tell the Warden, Mary Mitchell, to take all of the extra beds out[,] eliminate all 3 man cells[,] and [issue] an order to not put them in anymore." Plaintiff also seeks to "be released to the halfway house immediately," and "$10,350.00 in damages." (ECF no. 1-3, p. 6).[1] Plaintiff files this action *in forma pauperis*, under 28 U.S.C. § 1915.[2]

Liberally construed, Plaintiff's Complaint attempts to assert constitutional claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. §

---

[1] Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

[2] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2) (d) and (e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988).

On October 28, 2010, Plaintiff also filed a document titled "Motion for Restraining Order Against Retaliation by Staff" (ECF No. 2), along with his original pleading in this case. The document made clear that Plaintiff sought injunctive relief during the pendency of his case, therefore Plaintiff's request was construed to be a request for a preliminary injunction under Rule 65(a), Fed. R. Civ. P., rather than a request for a temporary restraining order under Rule 65(b).

On December 10, 2010, Plaintiff filed a "Motion for Preliminary Injunction" seeking "to stop the illegal and unconstitutional implementation of 3 man cells here at Edgefield FCI Medium Prison." (ECF No. 13). Also on December 10, 2010, Plaintiff filed a document titled "Motion for Extension of Time to Exhaust Grievance Procedures." (ECF No. 12). In his "Motion for Extension of Time to Exhaust Grievance Procedures," Plaintiff states that he "was under the assumption that administrative remedies need not be exhausted before filing a federal complaint

3

for such actions. . . . He therefore requests an extension of time sufficient to exhaust BOP administrative remedies before he files his complaint pursuant to the above civil action." (ECF No. 12).

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (1996), (PLRA) requires that a prisoner exhaust administrative remedies before filing a § 1983/*Bivens* action concerning his confinement. 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is mandatory, *Anderson v. XYZ Correctional Health Svcs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005). Although the lack of exhaustion of administrative remedies is, generally, considered an affirmative defense and not a jurisdictional infirmity in the Fourth Judicial Circuit, when the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts in other pleadings or documents filed in the case by the prisoner, *sua sponte* dismissal prior to the service of the complaint is appropriate. Here, because Plaintiff has not exhausted BOP administrative remedies, his case is premature and should be summarily dismissed, without prejudice and without issuance and service of process. Accordingly, Plaintiff's "Motion for Extension of Time to Exhaust Grievance Procedures" (ECF No. 12) will be denied by the undersigned United States Magistrate Judge, in the same order in which this Court will grant Plaintiff's Motion to proceed *in forma pauperis*, and direct the Clerk of Court not to issue the summons or forward the matter

to the United States Marshal for service of process on Defendant.[3] The undersigned United States Magistrate Judge also recommends that the assigned United States District Judge deny Plaintiff's "Motion for Restraining Order Against Retaliation by Staff" (ECF No. 2) and "Motion for Preliminary Injunction" (ECF No. 13), at the same time that the Court summarily dismisses Plaintiff's Complaint.

### ***PRO SE* AND *IN FORMA PAUPERIS* REVIEW***

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the PLRA. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal

---

[3] Plaintiff's "Motion for Extension of Time to Exhaust Grievance Procedures" asks, in effect, that this action be stayed pending the filing and adjudication of a BOP grievance to be pursued after the Complaint in this case was filed. However, the Court must deny the request because staying the action would allow Plaintiff to keep the Complaint filed before he exhausts his administrative remedies. Plaintiff's "Motion for Extension of Time" to comply with the Court's "proper form" order of November 3, 2010 (ECF No. 10, which Plaintiff filed on November 19, 2010) will also be terminated as moot in the same "no serve" order.

court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a

claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

The Complaint filed in this case is subject to summary dismissal without prejudice and without service of process, under the provisions of 28 U.S.C. § 1915(e)(2)(B), because it is apparent from the face of Plaintiff's Complaint (ECF No. 1-3, p. 2-3) and his "Motion for Extension of Time to Exhaust Grievance Procedures" (ECF No.12) that he has failed to exhaust his administrative remedies prior to filing suit under *Bivens*, as is required by the PLRA. The PLRA, 42 U.S.C. § 1997e(a), provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Accordingly, before Plaintiff may proceed with his claims in this Court, he must have first exhausted his administrative remedies available through the Bureau of Prisons (BOP) grievance process. The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). *See Booth v. Churner*, 531 U.S. 956 (2001) (PLRA requires administrative

7

exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action). Although the lack of exhaustion of administrative remedies is considered an affirmative defense and not a jurisdictional infirmity, *see Jones v. Bock*, 549 U.S. 199 (2007), under existing precedent in the Fourth Circuit if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006).

Here, Plaintiff's allegations clearly show that he did not pursue his administrative remedies through the prison grievance process, thus *sua sponte* dismissal of his Complaint is appropriate under *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995) and Anderson, 407 F.3d at 683. No genuine issue of material fact concerning Plaintiff's failure to exhaust his administrative remedies exists in the instant case because Plaintiff has not alleged that the grievance process was not available to him within the meaning of §1997e(a) of the PLRA, nor has he alleged that Defendants hindered his ability to exhaust his administrative remedies. *See Hill v. Haynes*, 380 Fed. Appx. 268 (4th Cir. 2010). Plaintiff simply alleges that he did not use the BOP Administrative Remedy Procedure

"because this issue is life threatening and differmentel [sic] to my life as well as others" (ECF No. 1-3, p. 2) and he "was under the assumption that administrative remedies need not be exhausted before filing a federal complaint for such actions." (ECF No. 12). Since Plaintiff has specifically admitted that he has not pursued any BOP grievance remedy for the alleged violation of his constitutional rights, it is clear that the Complaint in this case is premature and subject to summary dismissal. Plaintiff's "Motion for Restraining Order Against Retaliation by Staff" and "Motion for Preliminary Injunction" should also be dismissed. As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24-25 (2008). Here, it is recommended that Plaintiff's Complaint be summarily dismissed, thus Plaintiff has no likelihood of success in the underlying dispute. Plaintiff also fails to show that he will suffer irreparable injury if he is not granted a preliminary injunction. Additionally, he has not shown that the balance of equities tips in his favor or that an injunction is in the public interest.

## Recommendation

As it is clear on the face of Plaintiff's Complaint and his accompanying "Motion for Extension of Time to Exhaust Grievance Procedures" that he has made no attempt to file a grievance and exhaust the administrative remedies available to him as required by 42 U.S.C. § 1997e(a), Plaintiff is precluded from bringing this action. Accordingly, it is recommended that the Court dismiss the Complaint in this case, without prejudice and without issuance and service of process, for failure to exhaust administrative remedies.

It is further recommended that Plaintiff's "Motion for Restraining Order Against Retaliation by Staff" (ECF No. 2) and "Motion for Preliminary Injunction" (ECF No. 13) be denied.

Plaintiff's attention is directed to the important notice on the next page.

_Robert S. Carr_
Robert S. Carr
United States Magistrate Judge

January 13, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).